# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEC DEVON KREIDER,** | : | **CIVIL NO. 3:15-CV-1112** |
| | : | |
| **Plaintiff,** | : | **(Judge Caputo)** |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JOHN WETZEL, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

There are two motions pending in this case. First, the defendants filed a motion to dismiss the original complaint filed in this case, in part. (Doc. 17.) Four days after the defendants filed a brief in support of this motion to dismiss, the plaintiff, who is proceeding *pro se,* filed a motion to amend his complaint, along with a proposed amended complaint. (Doc. 23.) The defendants have not opposed this motion and the time for filing an opposition has passed. Therefore, the motion will be deemed unopposed and will be GRANTED, since such motions are governed by Rule 15(a) of the Federal Rules of Civil Procedure, which strongly favors amendment of pleadings at the outset of litigation. Rule 15(a), F.R. Civ. P. Of course, nothing in

this decision implies any views on the ultimate merits of the issues raised in the amended complaint, a question that will be reserved for another time.

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion for leave to amend (Doc. 23.) is GRANTED, and all further proceedings shall be based upon the allegations set forth in the amended complaint. (Doc. 23-1.) We believe that this development also has substantive significance for the parties with respect to the initial motion to dismiss the original complaint filed in this case (Doc. 17.) since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. <u>Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)</u>, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); <u>see</u> 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice & Procedure</u> § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case has been amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is now moot.  Therefore, we will DISMISS the pending motion to dismiss

the plaintiff's original complaint (Doc. 17.) as moot, without prejudice to the defendants filing a motion to dismiss the amended complaint.

SO ORDERED, this 21st day of January 2016.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge